IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Criminal Action: 5:08-cr-14

ADAM LEE KERN,

      Defendant.

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO SUPRESS BE DENIED.**

**I. INTRODUCTION**

**A.**     **Background**

Defendant was the only defendant named in a one count indictment alleging he was a felon in possession of firearms in violation of Title 18, United States Code, sections 922(g)(1), 924(a)(2).

**B.**     **Motion**

On March 23, 2008, Defendant filed a Motion to Suppress Evidence.[1] The Government filed its response on April 3, 2008.[2]

**C.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that Defendant's Motion to Suppress be **DENIED** because the officers' warrantless[3] entry into the farmhouse was

---

[1] Docket No. 23.

[2] Docket No. 28.

[3] "Warrantless" in the present discussion refers to the absence of a search warrant.

1

permissible because they had an arrest warrant for Defendant.

## II. FINDINGS OF FACT

In the fall of 2007, Defendant was wanted on three arrest warrants: a state misdemeanor warrant for violation of home confinement; a state felony warrant for failure to register as a sex offender; and a federal warrant for unlawful flight to avoid prosecution. Defendant had been "on the run" for months and had cut off his electronic monitoring bracelet in an effort to evade authorities. The warrants had been outstanding for several months. In October 2007, Defendant took up residence at a farmhouse in the Deep Valley area of Tyler County, West Virginia. The farmhouse is legally owned by Ms. Joy Ferrebe (Defendant's maternal grandmother), Ms. Ferrebee's living siblings, and Ms. Ferrebee's deceased sister's living heirs. A key to the farmhouse is kept on the front porch, permitting family members, including Defendant, to stay at the farmhouse without the express permission of the legal owners. After arriving at the farmhouse in October 2007, Defendant stayed for a few weeks, left, and then returned in November 2007. He, his wife, and his two step-daughters continued to reside at the farmhouse until January 11, 2008.

On January 11, 2008, Corporal C.J. Lantz of the West Virginia Police Department learned from a confidential informant Defendant may be located at the farmhouse. In addition to being aware of Defendant's felony fugitive status, Corporal Lantz learned Defendants' two step-daughters alleged Defendant had sexually molested them, and was informed Defendant was mentally unstable, might possess a gun, and might react "in an extreme manner" if confronted.

At approximately 8:00 p.m. on January 11, 2008, Corporal Lantz, other West Virginia state police officers, Deputies from the Tyler County Sheriff's Department, and Sistersville

police officers arrived at the farmhouse. The officers did not have a search warrant to enter or search the farmhouse. The officers knocked on the door, announced their presence, and seconds later entered the farmhouse. Defendant was located in the front room of the farmhouse, sitting on a bed. Defendant reached for a pistol on the floor next to a night stand. A deputy dove onto Defendant and subdued him. Defendant was placed under arrest. A search of the apartment revealed another gun under the bed, previously within Defendant's reach.

### III. Motion to Suppress

A.  **Contentions of Parties**

Defendant argues the evidence seized from the farmhouse - the two guns - should be suppressed because the officers entered the farmhouse without a search warrant and in the absence of exigent circumstances, in violation of his Fourth Amendment rights.[4]

The Government argues the evidence seized from the farmhouse should not be suppressed because the officers lawfully entered the farmhouse pursuant to a valid arrest warrant and because their entry was justified by exigent circumstances.

B.  **Analysis**

   1.  **Whether the Officer's Warrantless Entry Into the Farmhouse Violated Defendant's Fourth Amendment Rights.**

Generally, absent consent, exigent circumstances, or an arrest warrant for defendant, officers may not enter a defendant's residence without a search warrant. Payton v. New York,

---

[4] Neither party disputes Defendant has standing to challenge the officers' warrantless entry. While the parties disagree as to whether the farmhouse was Defendant's "residence," the parties agree Defendant was, at a minimum, an overnight guest with a reasonable expectation of privacy in the premises. See Minnesota v. Olson, 495 U.S. 91 (1990) [holding an overnight guest has standing to object to a warrantless entry into the premises.].

3

445 U.S. 573 (1980). The officers in the present case had an arrest warrant for Defendant but did not have a search warrant to enter the farmhouse. There is no evidence Defendant or any authorized individual consented to the officers' entry into the farmhouse. Accordingly, the issue before the Court is whether the officers's warrantless entry into the farmhouse was authorized by the presence of exigent circumstances, or the arrest warrant for Defendant.

      i.      <u>Exigent Circumstances</u>

The Government alleges the officers' warrantless entry into the farmhouse was authorized by the existence of exigent circumstances. Defendant alleges exigent circumstances did not exist to justify the officers' warrantless entry into the residence.

Exigent circumstances can justify a warrantless entry into a residence. Based on the standard set forth in <u>Olson</u>, 495 U.S. at 100, officers may enter a residence without a warrant when they are in hot pursuit of a felon, or have probable cause to believe 1) evidence will be destroyed, 2) the suspect will escape, or 3) harm will result to police officers or others." See <u>Warden, Md. Penitentiary v. Hayden</u>, 387 U.S. 294, 298-99 (1967), [finding exigent circumstances existed where officers were in hot pursuit of a fleeing felon who posed a risk to officers or others]; <u>Wayne v. United States</u>, 318 F.2d 205, 212 (D.C. Cir. 1963) [finding exigent circumstances existed "where there is a need to protect or preserve life or avoid serious injury."]. When acting to "preserve life or avoid serious injury," "the officers must have an objectively reasonable belief that an emergency has occurred and that someone within the residence is in need of immediate assistance." <u>United States v. Presler</u>, 610 F.2d 1206, 1210 (4th Cir. 1979). In determining whether exigent circumstances existed, the proper inquiry focuses on what an objective officer reasonably could have believed. <u>United States v. Grissett</u>, 925 F.2d 776, 778

4

(4th Cir. 1991).

In the present case, the officers were aware Defendant was a convicted felon; was wanted on three warrants, including Failure to Register as a Sex Offender; had discarded his electronic monitoring bracelet; had been "on the run" for months; was in the company of his two step-daughters who had alleged sexual molestation at the hands of Defendant; was potentially mentally unstable; may be in possession of a firearm; and might react in an extreme manner if confronted.

The Court finds the above circumstances justified <u>swift</u> action by the officers towards apprehending Defendant, but <u>not</u> a warrantless entry into the farmhouse. First, Defendant had been living at the farmhouse for weeks and there is no evidence Defendant had plans to depart from the farmhouse within the time it would take to secure a search warrant. The present case is therefore distinguishable from cases of "hot pursuit" justifying warrantless entry into a home. <u>See</u> <u>Warden</u>, 387 U.S. at 298-99. Furthermore, although Defendant's two step-daughters were allegedly in harm's way, their endangerment did not create the degree of "emergency" imagined by the Supreme Court in <u>Warden</u> as justifying a warrantless entry. In <u>Warden</u>, 387 U.S. at 298-99, an armed robber entered a residence less than five minutes before the police arrived, and the Supreme Court held to require the officers to obtain a warrant would gravely endanger their lives or the lives of others. As the Court explained, "[s]peed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape." <u>Id.</u> at 299. Finally, although Defendant was believed to be armed, there is no evidence Defendant had brandished his weapon or threatened to use force against anyone. <u>See</u>

5

United States v. Brady, 2006 U.S. LEXIS 33715, at *16 (N.D.W.V. May 24, 2006). Accordingly, the Court finds there were no exigent circumstances justifying the officers' warrantless entry into the farmhouse.

        ii.        Arrest Warrant for Defendant

An arrest warrant authorizes officers to enter a defendant's home to effect that defendant's arrest. Payton, 445 U.S. at 602-03. This exception to the usual search warrant requirement exists because "[i]f there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law." Id. In Steagald v. United States, 451 U.S. at 204 (1981), the Supreme Court limited the scope of this exception and held an arrest warrant does not authorize officers to intrude upon the privacy interests of a third party in their home in order to serve an arrest warrant on a person thought to be inside. To hold otherwise, the Court reasoned, would permit officers, "armed solely with an arrest warrant . . [to] search all the homes of that individual's friends and acquiantances." Id. at 215.

There is no question the officers in the present case, by virtue of an arrest warrant for Defendant, were authorized to enter the premises- without a search warrant - to effect Defendant's arrest. See Payton, 445 U.S. at 602-603. The issue before the Court is whether the farmhouse was Defendant's "home." The Court finds the farmhouse was Defendant's home because 1) Defendant was living at the residence with his wife and two step-daughters since November, 2007; 2) there is no evidence Defendant maintained another residence during the relevant time period; 3) there is no evidence any of the owners of the farmhouse were residing at the farmhouse with Defendant such that Defendant was merely a guest in another's home.

Accordingly, the officers' warrantless entry was lawful.

Even were the Court to find the farmhouse was not Defendant's home but rather the home of the third-party owners such that Defendant was merely an overnight guest, the officers' entry was still lawful. Defendant, as an overnight guest, did have a privacy interest in the premises. See Minnesota v. Olson, 495 U.S. 91. However, because the officers had an arrest warrant for Defendant, they were authorized to intrude upon Defendant's privacy interest to effect the arrest warrant. See Payton, 445 U.S. at 602-03 [holding "[i]f there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law."]. The fact the officers' entry may have violated the Fourth Amendment rights of the third-party owners is irrelevant to Defendant's Motion to Suppress. As established in Rakas et al. v. Illinois, 439 U.S. 128, 133-34 (1978), Fourth Amendment rights are personal in nature and may not be vicariously asserted. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Id. at 134, relying on Alderman v. United States, 394 U.S. 165, 174 (1969). Accordingly, Defendant may challenge the officers' entry only insofar as it implicated his rights as an overnight guest, as opposed to the rights of the third-party owners.[5]

For the above reasons, it is recommended Defendant's Motion to Suppress be denied.

---

[5] The third-party owners may, of course, seek to recover damages for the violation of their Fourth Amendment rights, or seek redress under state law for invasion of privacy of trespass. See Rakas, 439 U.S. at 134.

## C. Recommendation

Based upon a review of the record, the undersigned recommends that Defendant's Motion to Suppress be **DENIED** because the officers' warrantless entry into the farmhouse was permissible because they had an arrest warrant for Defendant.

Because trial is imminent, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections on or before Friday, April 25, 2008. A copy of any objections shall also be submitted to the Judge Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: April 21, 2008

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE